UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Nos. 1:12-cr-00013-001 |
| v. ) | |
| ) | Judges McDonough/Steger |
| NAKEEHA MCCROSKEY ) | |

## MEMORANDUM AND ORDER

NAKEEHA MCCROSKEY ("Defendant") came before the Court for an initial appearance on June 14, 2019, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition")[Doc. 228].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** attorney Keith Davis to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Kevin Brown explained to Defendant the specific charges contained in the Petition. Defendant acknowledged he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. After conferring with his counsel, Defendant requested a preliminary hearing and a detention hearing. Neither party requested additional time to prepare, so the preliminary hearing and detention hearing took place immediately.

The Government relied upon the allegations in the Petition [Doc. 228] and the testimony of U.S. Probation Officer Courtney Hambel. The Petition includes a recitation of the violations of conditions of supervision committed by Defendant, *to wit*, Defendant must not illegally possess a controlled substance; Defendant must refrain from any unlawful use of a controlled substance; Defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court; Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; Defendant shall notify the probation officer within 72 hours of any change in residence or employment;

Defendant shall not purchase, possess or use any narcotic or other controlled substance except as prescribed by a physician; Defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered; Defendant shall participate in a program of testing and treatment for drugs as directed by the probation officer until such time as Defendant is released from the program; and Defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as Defendant is released from the program by the probation officer.

The Petition further sets forth a summary of facts, which facts were testified to by USPO Hambel. In summary, Defendant tested positive for marijuana use on five separate occasions and, on at least four of those occasions, denied illegal drug use to his probation officer; Defendant failed to report for mandatory drug tests on nine separate occasions; and Defendant failed to attend counseling sessions. Further, USPO Hambell testified that Defendant has been charged in state court with a physical assault on his girlfriend.

The Court finds that the evidence establishes that probable cause exists to support the various violations of conditions of supervised release specified in the Petition [Doc. 228].

With respect to the detention hearing, the undersigned is obligated to start with the rebuttable presumption that Defendant is a danger to any other person or to the community and that he poses a risk of flight. Based on the evidence adduced at the hearing, the Court concludes that Defendant violated the conditions of supervised release. The Court further finds that Defendant has not carried the burden of establishing by clear and convincing evidence that he does not pose a danger to any other person or to the community. The Court does not find that Defendant is a flight risk.

Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. The evidence establishes that probable cause exists to support the violations of supervised release specified in the Petition [Doc. 228].

2. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further Order of this Court is **GRANTED**.

3. Counsel for Defendant and the Government shall confer and make best efforts to submit to United States District Judge McDonough a proposed Agreed Order with respect to an appropriate disposition of the Petition for Warrant for Offender Under Supervision.

4. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition for Warrant for Offender Under

Supervision, they shall request a hearing before United States District Judge McDonough.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE